UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   Case No. 8:19-cr-544-T-60TGW

MIGUEL GUERRA,
PEDRO VILLARROEL LUNAR,
WILLIAMS ROJAS,
ELEAZAR LUGO SANCHEZ,
LUIS SALAZAR,
ALBERTO MENDOZA,
NELSON SUAREZ,
MARIO SERRANO,
DOUGLAS RODRIGUEZ,
EDGAR ORDAZ,
TONY SALAZAR SALAZAR,
RAFAEL QUIJADA,
GUSTAVO JAUREGUI, and
CUCLICLES JUAREGUI

　　　Defendants.
_____/

**ORDER DENYING "MOTION TO DISMISS
INDICTMENT BASED ON LACK OF JURISDICTION"**

This matter is before the Court on Defendant Nelson Suarez's "Motion to Dismiss Indictment Based on Lack of Jurisdiction," filed on June 15, 2020. (Doc. 176). The motion was joined by each of the other Defendants. On July 6, 2020, the United States of America filed a response in opposition. (Doc. 190). On July 16, 2020, the Court held a hearing to address this and other pending motions. (Doc. 197). Upon review of the motion, response, case file, and the record, the Court finds as follows:

In the motion to dismiss, Defendants argue that (1) as applied to the instant case, the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional because: (1) Congress does not have the power to extend the criminal jurisdiction of the United States to the crimes charged in the indictment; and (2) the MDLEA violates due process by subjecting foreign nationals to prosecution for offenses bearing no nexus to the United States. The motion to dismiss is fascinating from a legal and historical perspective. It is also well-researched and well-written. Nonetheless, these legal issues have previously been raised in what have become commonly referred to as "boat cases" here in the Middle District of Florida, and the Eleventh Circuit has made rulings that are binding on this Court.

The Eleventh Circuit has held that Congress has the power to extend the criminal jurisdiction of the United States to the crimes charged in the indictment. *See, e.g., United States v. Cabezas-Montano*, 949 F.3d 567, 586-87 (11th Cir. 2020); *United States v. Cruickshank*, 837 F.3d 1182, 1187-88 (11th Cir. 2016); *United States v. Campbell*, 743 F.3d 802, 809-10 (11th Cir. 2014); *United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006). Furthermore, the Eleventh Circuit has held that an MDLEA conviction does not violate due process rights even if the offense lacks a nexus to the United States.[1] *See, e.g., United States v. Cabezas-Montano*, 949 F.3d 567, 586-87 (11th Cir. 2020); *United States v. Cruickshank*, 837 F.3d 1182, 1187-88 (11th Cir. 2016); *United States v. Wilchcombe*, 838 F.3d 1179, 1186 (11th Cir. 2016); *United States v. Campbell*, 743 F.3d 802, 809-10 (11th Cir. 2014).

---

[1] It should be noted that other Circuit Courts of Appeal have come out differently and the nexus issue appears to be ripe for resolution by the United States Supreme Court. *See, e.g., United States v. Perlaza*, 439 F.3d 1149, 1168 (9th Cir. 2006); *United States v. Yousef*, 327 F.3d 56, 111 (2d Cir. 2003).

Even if the Court was persuaded by Defendants' arguments, it would be bound by the decisions from the Eleventh Circuit.  The motion is denied.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 24th day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**